■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GONZALEZ, Appellant. [618 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered May 21, 1992, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Sherman, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is granted, and a new trial is ordered. No questions of fact were raised or considered.

It is well settled that "[o]nce a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer" *(People v Hobson,* 39 NY2d 479, 481; *People v Rogers,* 48 NY2d 167, 173). In such cases, the right to counsel is said to have indelibly attached, and there can be no effective waiver of counsel unless made in the presence of counsel *(see, People v Bing,* 76 NY2d 331, 339). Here, although the defendant, who was under arrest for the crime, indicated his willingness to make a statement after being given his *Miranda* warnings, he also stated that he would not sign anything, on the advice of his counsel, whose card he showed to the arresting officer. Without contacting the defendant's attorney, the officer took the defendant's statement. As the People correctly conceded at oral argument, the defendant's waiver was ineffective, and his statement, taken in violation of his right to counsel, should have been suppressed. However, we cannot conclude, as the People contend, that the erroneous introduction of the statement on the People's direct case was harmless beyond a reasonable doubt. Therefore a new trial is required.

Further, we note that, at trial, the Supreme Court improperly limited the defendant's testimony regarding the victim's prior specific acts of violence toward him *(see, People v Miller,* 39 NY2d 543). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.